J-S16008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS EDWARDS | : | |
| | : | |
| Appellant | : | No. 1948 EDA 2023 |

Appeal from the PCRA Order Entered June 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1006311-2003

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 24, 2024**

Appellant, Nicholas Edwards, appeals *pro se* from the June 16, 2023 order of the Court of Common Pleas of Philadelphia County (PCRA court), which denied his third petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The relevant background can be summarized as follows. On November 21, 2005, Appellant was convicted of first-degree murder, criminal conspiracy, carrying a firearm without a license, and possessing an instrument of crime. On February 3, 2006, the trial court sentenced Appellant to life in prison without the possibility of parole. After the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant filed a direct appeal to this Court.

_____

[*] Former Justice specially assigned to the Superior Court.

We affirmed his judgment of sentence on July 28, 2009. *See Commonwealth v. Edwards*, No. 1267 EDA 2008, unpublished memorandum (Pa. Super. 2008). Our Supreme Court denied Appellant's petition for allowance of appeal on February 5, 2010. *See Commonwealth v. Edwards*, 989 A.2d 7 (Pa. 2010).

Appellant filed his first PCRA petition on June 28, 2010, which the PCRA court denied on April 13, 2014. On August 21, 2014, while Appellant's appeal from the denial of relief on his first PCRA petition was pending in this Court, Appellant filed a *habeas corpus* petition, alleging that he was being unlawfully detained due to the lack of a written sentencing order in contravention of 42 Pa.C.S.A. § 9764(a)(8). On March 2, 2015, we affirmed the order denying PCRA relief. *See Commonwealth v. Edwards*, No. 1508 EDA 2014, unpublished memorandum (Pa. Super. 2015). Our Supreme Court denied Appellant's petition for allowance of appeal on July 29, 2015. *See Commonwealth v. Edwards*, 119 A.3d 350 (Pa. 2015).

On December 29, 2015, Appellant filed his second PCRA petition. On August 9, 2016, the PCRA court dismissed Appellant's PCRA petition and denied the habeas corpus petition. On appeal, we affirmed. *See Commonwealth v. Edwards*, No. 2760 EDA 2016, unpublished memorandum (Pa. Super. 2017). Our Supreme Court denied Appellant's petition for allowance of appeal on January 9, 2018. *See Commonwealth v. Edwards*, 178 A.3d 735 (Pa. 2018). The United States Supreme Court denied

Appellant's petition for writ of certiorari on October 1, 2018. *See Edwards v. Pennsylvania*, 139 S.Ct. 281 (2018).

On March 14, 2022, Appellant filed the instant petition, his third. The PCRA court dismissed Appellant's third petition on June 16, 2023. This appeal followed.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless, as discussed below, an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*,

238 A.3d 1267 (Pa. 2020)).  As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed.  ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).  If it is not timely, we cannot address the substantive claims raised in the petition.  ***Id.***

It is undisputed that the instant PCRA petition is facially untimely.[1] Indeed, Appellant acknowledges this much.  However, he argues that the petition meets two exceptions to the timeliness rules.  We disagree.

Appellant first alleges that the underlying PCRA petition is timely under the governmental interference exception, 42 Pa.C.S.A. § 9545(b)(1)(i).  How Appellant reached that conclusion, however, is far from clear.  Apparently, Appellant believes that his sentence was procured by fraud perpetrated by the Commonwealth and the trial court.  According to Appellant, the Commonwealth withheld information pertaining to his third-degree murder charge, which he only discovered on October 21, 2020.  The trial court, on the

_____

[1] Appellant's judgment of sentence became final for PCRA purposes on May 6, 2010, ninety days after the Pennsylvania Supreme Court's February 5, 2010 denial of allowance of appeal in his direct appeal, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.  ***See*** 42 Pa.C.S.A. 9545(b)(3); U.S. Sup. Ct. R. 13.  Therefore, Appellant had until May 6, 2011, to file a timely petition.  Since the instant petition was filed on March 14, 2022, it is facially untimely and cannot be reviewed unless one of the statutory exceptions applies.  ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

other hand, engaged in governmental interference by sentencing Appellant based on a void statute and for not issuing a proper sentencing order.

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). This exception requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (quoting *Stokes*, 959 A.2d at 310).

Other than boldly alleging that all engaged in the above-described misconduct, in his PCRA petition, Appellant provides no factual averments supporting his conclusory allegations of misconduct and interference, fails to explain how diligent he was in obtaining this information and what the Commonwealth (or anyone else) did or did not do to prevent Appellant from presenting the instant claim earlier. Said deficiencies are fatal to Appellant's claim. *See Abu-Jamal*, *supra*.

Additionally, we note that Appellant failed to comply with the dictates of 42 Pa.C.S.A. § 9545(b)(2). In his petition, Appellant alleges that he discovered the facts pertaining to the governmental interference on October 21, 2020. Even if it is true, the instant PCRA petition was filed on March 14,

2022, which is over a year after the expiration of the deadline under Section 9545(b)(2).

Regarding the alleged improprieties relative to the sentencing order, he was aware of them as early as January 29, 2013, when the Pennsylvania Department of Corrections informed him of the potential issue. *See* Petition for Writ of Habeas Corpus, 8/21/14, Exhibit B-1.

Accordingly, for the reasons explained above, Appellant is entitled to no relief on his governmental interference claim.

Appellant next argues that his petition is timely under the newly-discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Appellant argues that a recent Pennsylvania Supreme Court decision (***Commonwealth v. Moore***, 247 A.3d 990 (Pa. 2021)) qualified as a newly-discovered fact providing him with a legal basis to challenge his sentence. We disagree.

It is well-established that caselaw does not qualify as a new fact for purposes of the exception. In ***Commonwealth v. Watts***, 23 A.3d 980 (Pa. 2011), the Supreme Court explained the distinction between law and fact as follows:

> Black's Law Dictionary explains the distinction thusly: 'Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule.' Put another way, 'A 'fact,' as distinguished from the 'law,' ... [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.' Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the

embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Watts*, 23 A.3d at 986-87 (ciations omitted).

To the extent that Appellant argues that the discovery of the Commonwealth's misconduct and the issue with the sentencing order, as described above, qualify as newly discovered facts, the claim fails as well.

The newly discovered fact exception, Section 9545(b)(1)(ii), "requires [a] petitioner to allege and prove that there were facts that were unknown to him" and that he could not have ascertained those facts by the exercise of "due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Regarding the information about the third-degree murder charge, Appellant fails to explain why he could not have learned about it earlier with the exercise of due diligence. The information regarding the sentencing order was known to Appellant since 2013. As such, Appellant cannot claim that it was a "fact" unknown to him. Finally, both claims also fail to comply with 42

Pa.C.S.A. § 9545(b)(2). Accordingly, no relief is due to Appellant on the newly discovered facts claim.

Next, Appellant believes that his sentence is illegal because: (1) it is greater than the maximum allowed under the statute, (2) the statute under which the sentence was imposed is void for vagueness.

We note that the legality of sentence and issues of constitutional dimension are cognizable before the PCRA court. Yet, these claims are reviewable only in the context of a timely PCRA petition. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) (the constitutional dimension of the allegations does not shield the claim(s) from the PCRA jurisdictional time bar). Because, as noted above, Appellant failed to plead and prove the timeliness of the underlying petition, we are unable to address the legality of the sentence issues. *Id.*

To the extent Appellant alleges that his sentence is illegal because the sentencing order is missing, we note that the very same issue was raised and finally disposed of on appeal from the denial of Appellant's previous PCRA petition. In *Commonwealth v. Edwards*, No. 2760 EDA 2016, unpublished memorandum (Pa. Super. filed July 6, 2017), we noted:

> [T]he certified record confirms Edwards' judgment of sentence. As the PCRA court explained: "Upon reviewing the criminal docket

> through the Common Pleas Case Management System, the sentence imposed by the Honorable Kathryn Lewis on February 3, 2006 was accurately docketed by the Clerk of Courts of [the Court of Common Pleas of Philadelphia County.]. PCRA Court Opinion, 11/10/2016, at 6.

*Id.* at *4 ("[A] record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa. C.S. § 9764(a)(8)") (citing *Joseph v. Glunt*, 96 A.3d 365, 372 (Pa. Super. 2014)). Therefore, Appellant is not eligible for relief because the claim was previously litigated. *See* 42 Pa. C.S.A. §§ 9543, 9544.

Next, Appellant raises a plethora of claims of ineffective assistance of counsel. Appellant's Brief at 12-15. These issues are waived because they were raised for the first time on appeal. *See* Pa.R.A.P. 302(a). Additionally, they are not reviewable in the context of an untimely PCRA petition. *See*, *e.g.*, *Commonwealth v. Robinson*, 139 A.3d 178, 185 ("The PCRA provides eligibility for relief in conjunction with cognizable claims, including claims of ineffective assistance of counsel, 42 Pa.C.S. § 9543(a)(2)(ii), and requires petitioners to comply with the timeliness restrictions."); *Commonwealth v. Hernandez*, 79 A.3d 649, 654-55 (Pa. Super. 2013) (finding no jurisdiction to hear an ineffective assistance of counsel claim because of an untimely PCRA).

Finally, Appellant seems to believe that his sentence constitutes a miscarriage of justice, and, as such, not subject to the PCRA time limitations. We disagree.

> Turning to [Appellant]'s argument that his conviction is a "miscarriage of justice", we need not reach the merits of his contentions because the courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. **See** [**Fahy**, 737 A.2d at 223 (1999)]. Although the courts will review the request in a second or subsequent collateral attack on a conviction if there is a strong prima facie showing that a miscarriage of justice occurred, **Commonwealth v. Morales**, [701 A.2d 516, 520–521 (Pa. 1997)], there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. **Fahy**, [737 A.2d at 223]. Therefore, while we would consider a timely petition under the standard set forth in **Morales**, this court has no jurisdiction to address an untimely petition.

**Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa. Super. 2007).

For the foregoing reasons, we conclude that Appellant is entitled to no relief on his March 14, 2022 PCRA petition. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2024

- 10 -